# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 16-cv-61893-BLOOM/Valle

ROOR,

    Plaintiff,

v.

AMEX 1989 INC.,

    Defendant.

_____/

## ORDER ON MOTION FOR DEFAULT FINAL JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff ROOR's ("Plaintiff" or "ROOR") Motion for Default Final Judgment, ECF No. [14] (the "Motion"). A Clerk's Default, ECF No. [12] was entered against Defendant Amex 1989 Inc. ("Defendant") on September 28, 2016, as Defendant failed to appear, answer, or otherwise plead to the Complaint, ECF No. [1], despite having been served.[1] *See* Motion; *see also* ECF No. [8]. The Court has carefully considered the Motion, the record in this case, the applicable law, and is otherwise fully advised in the premises. For the reasons that follow, the Motion is granted.

**I.   BACKGROUND**

On August 8, 2016, Plaintiff initiated this action, bringing trademark infringement claims under 15 U.S.C. §§ 1114, 1125(a), and 1125(c). *See* ECF No. [1] ("Complaint"). In the Complaint, Plaintiff states that it has been in business since 1996, and is a well-known brand among the public, engaged in the business of selling water pipes. *See id.* ¶¶ 5, 7. Plaintiff is the

---

[1] According to the Return of Service affidavit, service was made upon a woman at Defendant's place of business who refused to provide her name and stated that she is the "cashier/clerk." ECF No. [8-1]. As the process server read the contents of the document aloud, the woman threated to call the police, and as the process server left, the woman "threw the papers at" him. *Id.*

owner of a trademark registered to the United States Patent and Trademark Office as registration number 3675839, with a registration date of September 1, 2009 (hereinafter, the "Trademark"). *See id.* ¶ 6.  The Trademark is associated with handcrafted water pipes, particularly high quality borosilicate jointed glass, which is stronger and more pliable than normal glass.  *See id.* ¶ 8.  In keeping with this superior standard, Plaintiff's products must first be purchased by the respective sellers from an authorized ROOR agent/vendor.  *See id.* ¶ 10.  Plaintiff has built a reputation within the industry, both in the United States and abroad, based on the high quality of its products.  Because of this goodwill and reputation, the Trademark and ROOR in general have become famous.  *See id.* ¶ 36.  The name ROOR and the ROOR Trademark have earned a new meaning, as owning a ROOR product is considered among the best water pipe available.  *See id.*  Owning a ROOR product is considered a status symbol, as owning a ROOR means having the finest water pipe available.  *See id.* ¶ 37.

Defendant is a Florida corporation, with principal places of business in Miami-Dade County.  *See id.* ¶ 3.  Defendant is described as being in the business of selling goods, including water pipes.  *See id.* ¶ 12.  Defendant does not have ROOR's consent to sell products that are not genuine ROOR goods.  *See id.* ¶ 15.  Despite this lack of consent, Plaintiff claims that Defendant sold goods that are not authentic (and that are inferior to) ROOR products, labeled with copies of the Trademark, or something so substantially similar to the Trademark that there exists a substantial likelihood of false affiliation to ROOR.  *See id.* ¶¶ 16, 17, 18, 20.  According to Plaintiff, Defendant is selling the products in the ordinary stream of commerce and the products are likely to be crossing state lines either for shipment to the Defendant, or through sales of the product to unknowing buyers.  *See id.* ¶ 40.  Further, Defendant has been "selling the product knowingly and the purpose is to try to make a profit off of the Trademark."  *Id.* ¶ 41.  As of the

date of this Order, Defendant has not responded to the Complaint or otherwise appeared in this action.

## II.     LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a final judgment of default against a party who has failed to plead in response to a complaint.  This Circuit maintains a "strong policy of determining cases on their merits and we therefore view defaults with disfavor."  *In re Worldwide Web Systems, Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003).  Nonetheless, default judgment is entirely appropriate and within the district court's sound discretion to render where the defendant has failed to defend or otherwise engage in the proceedings.  *See*, *e.g.*, *Tara Prods., Inc. v. Hollywood Gadgets, Inc.*, 449 F. App'x 908, 910 (11th Cir. 2011); *Dawkins v. Glover*, 308 F. App'x 394, 395 (11th Cir. 2009); *In re Knight*, 833 F.2d 1515, 1516 (11th Cir. 1987); *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985); *Pepsico, Inc. v. Distribuidora La Matagalpa, Inc.*, 510 F. Supp. 2d 1110, 1113 (S.D. Fla. 2007); *see also Owens v. Benton*, 190 F. App'x 762 (11th Cir. 2006) (default judgment within district court's direction).

A defendant's "failure to appear and the Clerk's subsequent entry of default against him do[es] not automatically entitle Plaintiff to a default judgment."  *Capitol Records v. Carmichael*, 508 F. Supp. 2d 1079, 1083 (S.D. Ala. 2007).  Indeed, a default is not "an absolute confession by the defendant of his liability and of the plaintiff's right to recover," *Pitts ex rel. Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1357 (S.D. Ga. 2004), but instead acts as an admission by the defaulted defendant as to the well-pleaded allegations of fact in the complaint.  *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) ("A defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts

by the judgment, and is barred from contesting on appeal the facts thus established.") (citations omitted); *Descent v. Kolitsidas*, 396 F. Supp. 2d 1315, 1316 (M.D. Fla. 2005) ("the defendants' default notwithstanding, the plaintiff is entitled to a default judgment only if the complaint states a claim for relief"); *GMAC Commercial Mortg. Corp. v. Maitland Hotel Associates, Ltd.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002) (default judgment is appropriate only if court finds sufficient basis in pleadings for judgment to be entered, and that complaint states a claim). Stated differently, "a default judgment cannot stand on a complaint that fails to state a claim." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1370 n.41 (11th Cir. 1997).  Therefore, before granting default judgment, "the district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Security, LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007).

**III.    DISCUSSION**

Upon a review of Plaintiff's submissions, the Court finds a sufficient basis in the pleading to enter default judgment in Plaintiff's favor.  Because Defendant has not appeared, "all of Plaintiff's well-pled allegations in the Complaint are deemed admitted." *Ordonez v. Icon Sky Holdings LLC*, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) (citing *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987)).  Having reviewed the Complaint, the Court finds Plaintiff's allegations well-plead, and sufficient to establish Defendant's liability.  Plaintiff brings claims for (1) willful trademark infringement and counterfeiting of the ROOR trademark in violation of 15 U.S.C. § 1114; (2) willful trademark infringement (false designation) in violation of 15 U.S.C. § 1125(a); and (3) willful trademark infringement (dilution) in violation of 15 U.S.C. § 1125(c).  "[T]o succeed on a trademark infringement claim, a plaintiff must prove (1) that its

valid mark was used in commerce by the defendant without consent, and (2) that the unauthorized use was likely to cause confusion, to cause mistake, or to deceive." *General Motors Corp. v. Phat Cat Carts, Inc.*, 504 F. Supp. 2d 1278, 1283 (M.D. Fla. 2006); *see Dieter v. B & H Indus. of Sw. Florida, Inc.*, 880 F.2d 322, 326 (11th Cir. 1989). "The plaintiff's use of the mark must also predate the defendant's potentially confusing mark." *Ordonez*, 2011 WL 3843890, at *5 (citing *Tally–Ho, Inc. v. Coast Community College Dist.*, 889 F.2d 1018, 1023 (11th Cir. 1990)). Importantly, "[t]he 'likelihood of confusion test' does not require that a plaintiff prove that consumers would likely confuse the alleged infringer's product with the real product"; rather, "it is sufficient for a plaintiff to show that the unauthorized use of the trademark has the effect of misleading the public to believe that the user is sponsored or approved by the plaintiff." *Gen. Motors Corp.*, 504 F. Supp. 2d at 1284 (internal quotations omitted).

Plaintiff alleges in the Complaint that ROOR has "been in business since 1996" and "is the owner of a trademark registered to the United States Patent and Trademark Office as registration number 3675839 . . . having a registration date of September 1, 2009." Complaint ¶¶ 5-6. Plaintiff also claims that "Defendant does not have ROOR's consent to sell products that are not genuine ROOR goods," and that "[d]espite this lack of consent, Defendant sold goods that are not authentic (and that are inferior to) ROOR products, labeled with copies of the Trademark, or something so substantially similar to the Trademark," creating "a substantial likelihood . . . [of] false affiliation to ROOR." Motion at 5 (citing Complaint at ¶¶ 15-18, 20). Plaintiff further alleges that Defendant is selling the products in the ordinary stream of commerce and that the products are likely to be crossing state lines. *See* Complaint ¶ 40. By default, Defendant has admitted the truth of these allegations. Accordingly, the Court finds that Plaintiff has established its claims against Defendant for trademark infringement.

"If the admitted facts in the Complaint establish liability, then the Court must determine appropriate damages." *Ordonez*, 2011 WL 3843890, at *5. "Where all the essential evidence is on record, an evidentiary hearing on damages is not required." *Id*. (citing *SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("Rule 55(b)(2) speaks of evidentiary hearings in a permissive tone . . . We have held that no such hearing is required where all essential evidence is already of record." (citations omitted)); *Petmed Express, Inc. v. Medpots.com*, 336 F. Supp. 2d 1213, 1223 (S.D. Fla. 2004) (entering default judgment, permanent injunction and statutory damages in a Lanham Act case without a hearing)). Plaintiff seeks statutory damages under the Lanham Act, 15 U.S.C. § 1117(c). "District courts have wide discretion in awarding statutory damages." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1219 (citing *Cable/Home Communication Corp. v. Network Prod., Inc.*, 902 F.2d 829, 852 (11th Cir. 1990)). The Lanham Act provides that

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a) of this section, an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of—
>
> **(1)** not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> **(2)** if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c). "Several courts have found statutory damages specially appropriate in default judgment cases due to infringer nondisclosure." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220 (citing *Sara Lee Corp. v. Bags of New York, Inc*., 36 F. Supp. 2d 161, 165 (S.D.N.Y.

1999); *Tiffany (NJ) Inc. v. Luban*, 282 F. Supp. 2d 123 (S.D.N.Y. 2003); *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494 (C.D. Cal. 2003)). Plaintiff states that it is unable to determine the number of infringing goods sold due to Defendant's refusal to appear in this litigation, but pleads that Defendant has engaged in the purchase and sale of at least one counterfeit unit. *See* Complaint ¶¶ 16-21. Moreover, an investigator hired by Plaintiff has sworn in an affidavit that she purchased a counterfeit product, and has included a receipt and several photographs. *See* ECF No. [17] ¶ 4. In light of Defendant's refusal to appear and the statutory damages allowed under the Lanham Act, Plaintiff requests statutory damages in the amount of $150,000 for Defendant's infringement of the Trademark, Registration Number 3675839. In cases such as this, "[s]tatutory damages under § 1117(c) are intended not just for compensation for losses, but also to deter wrongful conduct." *PetMed Express, Inc.*, 336 F. Supp. 2d at 1220-21. Accordingly, under the facts of this case and in light of the evidence contained in the record, the Court finds a hearing on damages unnecessary and the requested amount of damages justified. *See Ordonez*, 2011 WL 3843890, at *5; *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1221 (finding "a total of $800,000 ($400,000 per infringing mark) is a reasonable damages award pursuant to the statute."); *Philip Morris*, 219 F.R.D. at 502 (awarding the maximum amount for two infringing trademarks for a total of $2,000,000); *Playboy Enter., Inc. v. AsiaFocus Int'l, Inc*, 1998 WL 724000 (E.D. Va. 1998) (awarding maximum statutory damage amount of $1,000.000 for the use of two counterfeit domain names)).

Plaintiff also requests that the Court award attorneys' fees. The Lanham Act gives the Court discretion to award reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). "The Eleventh Circuit has defined an exceptional case as a case that can be characterized as malicious, fraudulent, deliberate, and willful." *Punch Clock, Inc. v. Smart*

*Software Dev.*, 553 F. Supp. 2d 1353, 1359 (S.D. Fla. 2008) (citing *Burger King Corp. v. Pilgrim's Pride Corp.*, 15 F.3d 166, 168 (11th Cir. 1994)). In addition, a case may be deemed "exceptional" and merit an award of attorneys' fees under the Lanham Act when the defendant disregards legal proceedings and does not appear. *See PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 (citing *Arista Records, Inc. v. Beker Enters.*, 298 F. Supp. 2d 1310, 1316 (S.D. Fla. 2003)); *see also Rib City Grp., Inc. v. RCC Rest. Corp.*, 2010 WL 4739493, at *2-3 (M.D. Fla. Nov. 16, 2010) (finding an exceptional case based in part on defendants' failure to appear and answer the allegations and awarding $23,400.00 in attorneys' fees). Here, Defendant has admitted in default that it "knew or should have known that the products they were and are selling are counterfeit." Complaint ¶ 25. Based on this admission, combined with Defendant's lack of appearance, the Court finds that the instant case constitutes an "exceptional case" entitling Plaintiff to a reasonable award of attorneys' fees. *See Ordonez*, 2011 WL 3843890, at *5 (S.D. Fla. Aug. 30, 2011) ("Willful infringement may be inferred from a defendant's willingness to accept a default judgment." (citing *Arista Records, Inc.*, 298 F. Supp. 2d at 1313)). Plaintiff's attorney has stated in a sworn affidavit that his law firm spent 13.5 hours on this case filing the Complaint and various motions, totaling $2,790.00 in fees. *See* ECF No. [16] ¶ 4. Plaintiff's attorney also states that the firm incurred costs totaling $650.89, and requests a fees and costs award in the amount of $3,440.89. *See id.* ¶ 5. Under the circumstances presented, the Court finds the claimed attorneys' fees and costs are reasonable. *See Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999); *see also PetMed Express, Inc.*, 336 F. Supp. 2d at 1222 (awarding on default final judgment "reasonable attorney's fees and costs in the amount of $16,553.10.").

IV. **CONCLUSION**

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion for Default Final Judgment, **ECF No. [14]**, is **GRANTED**;

2. Final Default Judgment is **ENTERED** in favor of Plaintiff ROOR and against Defendant, Amex 1989 Inc., in a manner consistent with this Order;

3. Plaintiff is awarded $150,000 in statutory damages;

4. Plaintiff is awarded $3,440.89 in attorneys' fees and costs;

5. This action is **DISMISSED**. All pending motions are **DENIED** as moot;

6. The Clerk is directed to **CLOSE** this case.

**DONE AND ORDERED** in Miami, Florida this 27th day of October, 2016.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record